IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURE WEB CONFERENCE CORPORATION,<br><br>   Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>   Defendants. | CIVIL ACTION NO.<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff SECURE WEB CONFERENCE CORPORATION files this Original Complaint against Defendant MICROSOFT CORPORATION, alleging as follows:

### THE PARTIES

1. Plaintiff SECURE WEB CONFERENCE CORPORATION ("Plaintiff") is a Delaware corporation with a principal place of business in Melville, New York.

2. Upon information and belief, MICROSOFT CORPORATION ("Defendant") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Seattle, WA. Defendant may be served with process through its registered agent Corporation Service Company located at 80 State Street, Albany, New York, 12207-2543.

### JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent. Federal question jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, Defendant is subject to the personal jurisdiction of this Court. Defendant has had at least minimum contacts with the Eastern District of New York such that this venue is fair and reasonable. Defendant has committed such purposeful acts and/or

transactions in the State of New York that it reasonably knew and/or expected that it could be haled into a New York court as a consequence of such activity.

5.     Upon information and belief, Defendant makes, uses, and/or sells, and/or induces others to make and/or use infringing products within the Eastern District of New York; and Defendant has a continuing presence and has the requisite minimum contacts with the Eastern District of New York such that this venue is a fair and reasonable one. Upon information and belief, Defendant has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Eastern District of New York.

6.     For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## PATENTS-IN-SUIT

7.     On February 15, 2005, United States Patent No. 6,856,686 B2 ("the '686 Patent") was duly and legally issued for "Method and Apparatus for Securing E-Mail Attachments." A true and correct copy of the '686 Patent is attached hereto as Exhibit A and made a part hereof.

8.     On February 15, 2005, United States Patent No. 6,856,687 B2 ("'687 Patent") was duly and legally issued for "Portable Telecommunication Security Device." A true and correct copy of the '687 Patent is attached hereto as Exhibit B and made a part hereof.

9.     The '686 and '687 Patents are collectively referred to as the "Patents-in-Suit."

10.    Plaintiff is the owner of all right, title and interest in and to the Patents-in-Suit, with the exclusive right to enforce said Patents against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

11.    The Patents-in-Suit, generally speaking, relate to secure web-based peer-to-peer communications. Specifically, the '686 Patent discloses a method of using microprocessor-based

devices that provide secure peer-to-peer communications over a communications network. The '687 Patent discloses microprocessor-based devices that provide secure peer-to-peer communications with other devices over a network.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement)

12. Upon information and belief, Defendant – without authority, consent, right, or license – Defendant manufactures, makes, has made and/or uses products and/or systems that infringe one or more claims in the Patents-in-Suit.

13. By way of example and not limitation, Defendant is manufacturing, making, and/or using products and/or systems that indirectly infringe at least Claims 1 and 21 of the '686 Patent and at least Claims 1 and 29 of the '687 Patent.

14. Defendant has actual knowledge of infringement at least as of the date of this Complaint.

15. Specifically, Defendant directly infringes by making, using, selling, and/or offering for sale its Skype peer-to-peer communication software to consumers, and by using Skype peer-to-peer communication software itself.

16. Defendant further infringes through providing its Skype peer-to-peer software to consumers, a software that has no material non-infringing use, that, when included in a consumer's microprocessor-based device, provides secure communication with another device over a network, and thus contributorily infringes the patents-in-suit.

17. Defendant further infringes by actively inducing infringement by providing the Skype software to consumers, along with instructions that, with knowledge of actual

infringement of the patents-in-suit, results in devices and uses that constitute direct infringement of the patents-in-suit by Defendant's customers.

18. As a result of Defendant's infringing conduct, Plaintiff has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

19. Upon information and belief, Defendant will continue its infringement of the Patents-in-Suit unless enjoined by the Court. Defendant's infringing conduct has caused Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests the following relief:

a. Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff on account of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post-judgment interest, at the highest lawful rates, on the damages caused to it by reason of Defendant's infringing activities and other conduct complained of herein;

d.   That this Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

e.   That Defendant be permanently enjoined from any further conduct that infringes one or more claims of the Patents-in-Suit; and

f.   That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

May 1, 2013.

/s/ Gregory O. Koerner
Gregory O. Koerner, Esquire
KOERNER LAW FIRM
111 John Street, Suite 230
New York, New York 10038
Tel. (212) 461-4377
Fax. (212)453-0651
gkoerner@koerner-associates.com

Jonathan T. Suder
Texas State Bar No. 19463350
Decker A. Cammack
Texas State Bar No. 24036311
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334 0400
Fax (817) 334 0401
jts@fsclaw.com
cammack@fsclaw.com

**ATTORNEYS FOR PLAINTIFF**